# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DON WAYNE McKINNEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00062 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DON E. EARLS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Don Wayne McKinney, Pro Se.*

In this pro se action under 42 U.S.C.A. § 1983 (West 2003), the plaintiff seeks to proceed in forma pauperis, pursuant to 28 U.S.C.A. § 1915(a)(1) (West 2006). Based on the affidavit filed by the plaintiff, I will allow the complaint to be filed without payment of the filing fee. However, upon examination of the complaint, I find that the case is without merit and will dismiss it.

In his complaint, the plaintiff contends that he was falsely arrested in 1991 for driving while intoxicated and operating a motor vehicle after having been declared a habitual offender. He contends that the arresting police officer was "delusional." (Compl. 4.) He also contends that he was falsely arrested in 1993 for threatening to burn an occupied dwelling. He asserts that the complaining witness was a "habitual liar." (*Id.* at 6.) He seeks damages in the amount of $150,000,000, and "that the

money be paid in cash, no checks, $100 bills, $1000 bills, and $10,000 bills (cash)." (*Id* at 3.)

This complaint fails to state a claim on which relief may be granted, and accordingly will be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 2006). The claims for false arrest are clearly barred by the statute of limitations. In addition, even liberally construed, the facts alleged in the complaint fail to support the claims made.

A separate order will be entered herewith.

DATED: August 30, 2010

/s/ JAMES P. JONES
United States District Judge